**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBIN C. PINES and RAMONCITO RAMOS,<br><br>    Plaintiffs,<br><br>v.<br><br>SARAH DAVIS, et al.,<br><br>    Defendants. | Civil Action No.: 15-204 (JLL) (JAD)<br><br><br>**REPORT AND RECOMMENDATION** |

**JOSEPH A. DICKSON, U.S.M.J.**

    This matter comes before the Court on the application of Plaintiff *pro se* Robin C. Pines to voluntarily dismiss his claims against all Defendants in this case, as raised by Plaintiff Pines at the video conference held on the record on May 9, 2018. In addition, the Court *sua sponte* raises the issue of Plaintiff Pines's ongoing failure to prosecute his case. After having carefully considered the docket for this matter, and for good cause shown; and

    **WHEREAS,** on September 8, 2015, Defendants served Plaintiff Pines with their first set of interrogatories and requests for production, (ECF No. 62-1, Defendant's Declaration in Support of Motion to Compel ("Def. Decl.") ¶ 3); and

    **WHEREAS**, between December 4, 2015, and December 7, 2016, Defendants sent Plaintiff Pines five letters seeking Pines's compliance with Defendants' discovery demands, (Def. Decl. ¶¶ 4-7); and

    **WHEREAS**, on May 24, 2017, Defendants sent Plaintiff Pines a second set of interrogatories, consisting of one question, and a HIPAA waiver form, (Def. Decl. ¶ 9); and

**WHEREAS,** Plaintiff Pines failed to respond to any of Defendants' discovery demands, (Def. Decl. ¶ 9); and

**WHEREAS,** on February 8, 2018, the Court granted Defendants' motion to compel discovery, granting Plaintiff Pines 45 additional days to comply with Defendants' outstanding discovery demands (ECF No. 64); and

**WHEREAS,** at the video conference held before the Court on May 9, 2018, Defendants represented that Plaintiff Pines had not complied with their original discovery demands or the Court's February 8, 2018 discovery order; and

**WHEREAS,** at the May 9, 2018 video conference, Plaintiff Pines represented to the Court that he wished to voluntarily dismiss his claims against all Defendants in this case; and

**WHEREAS,** Defendants offered no objection to Plaintiff Pines's voluntary dismissal; and

**WHEREAS,** pursuant to Federal Rule of Civil Procedure 41, a plaintiff may voluntarily dismiss an action by notice of dismissal before the opposing party files an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1). A plaintiff's claims may further be dismissed at the plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); and

**WHEREAS** Fed R. Civ. P. 41(b) permits a Court to dismiss a Complaint, sua sponte, for failure to prosecute. *See, e.g., Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 195-96 (3d Cir. 2010) (noting the Supreme Court held that Fed. R. Civ. P. 41(b) allows for sua sponte dismissals in the context of a failure to prosecute); and

**WHEREAS** a District Court may dismiss a case for failure to prosecute under Rule 41(b) when, on balance, the following factors weigh in favor of dismissal: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party

or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions, and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire & Cas.Co.*, 747 F.2d 863, 868 (3d Cir. 1984); and

**WHEREAS**, when a plaintiff's conduct makes it impossible for the Court to resolve a case on its merits, the District Court may dismiss that litigant's claims without conducting a *Poulis* analysis. *See Shipman v Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010) ("But when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary.") (citations omitted); and

**WHEREAS**, the Court notes that Plaintiff Pines has failed to participate in the discovery process in any meaningful way, having ignored Defendants' basic discovery requests despite repeated efforts by Defendants to seek Pines's compliance over the course of two years. Pines also ignored the Court's February 8, 2018 Order granting him additional time to comply with his prior discovery obligations. Pines's failure to participate in the discovery process has resulted in prejudice to Defendants, who have been unable to take discovery on Pines's remaining claims or otherwise move this litigation forward. Furthermore, Pine's lack of participation in his own case appears to be willful; at the May 9, 2018 conference, Pines indicated that he no longer sought to prosecute his case. Given the length of time over which discovery on Pines's claims has remained stagnant, and Pines's related violation of the Court's February 8, 2018 Order granting additional time in which to comply, the Court concludes that no sanction short of dismissal would be effective. With regard to the meritoriousness of Plaintiff Pines's claims, the Court will assume, without deciding, that the claims have merit; and

**WHEREAS**, when considered together, the *Poulis* factors weigh overwhelmingly in favor of dismissal; and

**WHEREAS**, at the May 9, 2018 video conference, Plaintiff Pines also represented that he sought to voluntarily dismiss his claims in this case; and

**WHEREAS**, Defendants did not oppose Plaintiff Pines's request for voluntary dismissal of his claims;

**IT IS ON THIS** 10th of May, 2018;

**RECOMMENDED** that the District Court dismiss Plaintiff Robin C. Pines's claims, without prejudice, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and as voluntarily withdrawn pursuant to Federal Rule of Civil Procedure 41(a);[1] and it is

**ORDERED** that the Clerk shall serve Plaintiff Pines with a copy of this Order, by regular US mail, and shall thereafter electronically file a certification confirming that service.

JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Jose L. Linares, C.J.

---

[1] Pursuant to Local Civil Rule 72.1, to the extent Plaintiff objects to this Court's proposed findings and/or recommendations, Plaintiff is required to serve and file specific written objections within 14 days of being served with this document.